IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-17-796-D |
| MARCIANO VILLARRUEL, *et al.*, | ) ) ) | |
| Defendants. | ) | |

# **ORDER**

Before the Court is Plaintiff's Motion for Entry of Default Judgment [Doc. No. 23], filed pursuant to Fed. R. Civ. P. 55(b). Plaintiff United States Fire Insurance Company, Inc. requests an order granting a default judgment against Defendants Tiffany Charles and Hollie Hayden for damages equal to the balance of outstanding payments allegedly due from each defendant and attorney fees to which Plaintiff is allegedly entitled. The liability of these defendants is based on an indemnification claim asserted in the Complaint against all defendants under separate written suretyship agreements, and a conclusory affidavit of Plaintiff's counsel. *See* Compl. [Doc. No. 1], ¶¶ 49-61; Pl's Mot., Ex. 1 [Doc. No. 23-1].[1]

On February 23, 2018, the Clerk filed an Entry of Default [Doc. No. 24] as to Defendants Tiffany Charles and Hollie Hayden pursuant to Fed. R. Civ. P. 55(a).

---

[1] Plaintiff provides legal authority for its alleged entitlement to recover a reasonable attorney fee, but Plaintiff submits no supporting documents to establish the amount sought.

Upon consideration, the Court finds that Plaintiff's Motion fails to comply with LCvR55.1, which provides: "No application for a default judgment shall be entertained absent an affidavit in compliance with the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521." Although an affidavit of counsel is provided, it relies solely on employment information listed on social media pages. A reliable source of information about military service is available on the official Servicemembers Civil Relief Act (SCRA) website for verifying military service, https://scra.dmdc.osd.mil/scra. Further, it is the customary practice of this Court to require service of a motion for default judgment on the parties against whom a judgment is sought, even where Rule 55(b) does not require prior notice. The certificate of service for Plaintiff's Motion shows service only on counsel for the defendants who have appeared and answered, but not on the defaulting parties. For these reasons, the Court finds that Plaintiff's Motion should be denied without prejudice to a future filing of a motion that cures the deficiencies identified in this Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default Judgment [Doc. No. 23] is DENIED without prejudice to resubmission, as set forth herein.

IT IS SO ORDERED this 26th day of February, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE